JAY CLAYTON
United States Attorney for the
Southern District of New York
By: DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2748
Email: dominika.tarczynska@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>                    Plaintiff,<br><br>            v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>                    Defendant. | 25-cv-04193 (LAK) |

## ANSWER

Defendant the United States Office of Personnel Management ("OPM"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby answers Plaintiff's Complaint, ECF No. 1, as follows:

1.      The allegations in Paragraph 1 consist of Plaintiff's characterization of the nature and purpose of this action, to which no response is required.

1

## PARTIES[1]

2.Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2.

3.In response to the allegations in Paragraph 3, Defendant admits that OPM is an agency of the federal government.  The remaining allegations in this paragraph consist of conclusions of law to which no response is required

## JURISDICTION AND VENUE

4.The allegations in Paragraph 4 state a legal conclusion regarding jurisdiction, to which no response is required.

5.The allegations in Paragraph 5 state a legal conclusion regarding venue, to which no response is required.

6.The allegations in Paragraph 6 state a legal conclusion regarding the FOIA, 5 U.S.C. § 552(a)(4)(B), to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the cited provision of the FOIA, which speaks for itself and is the best evidence of its contents.

7.The allegations in Paragraph 7 state a legal conclusion regarding the FOIA, 5 U.S.C. § 552(a)(4)(B), to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the cited provision of the FOIA, which speaks for itself and is the best evidence of its contents.

8.The allegations in Paragraph 8 state a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## BACKGROUND

### OPM's EHRI Data Warehouse

9. Paragraph 9 consists of Plaintiff's description of OPM and its responsibilities regarding collecting and maintaining governmentwide data. Defendant avers that OPM's website and other publicly available materials are the best evidence of this information, and respectfully refers the Court to these publicly available materials for an accurate statement of their contents, and denies any allegations inconsistent therewith.

10. Paragraph 10 consists of Plaintiff's descriptions of OPM's Enterprise Human Resources Integration ("EHRI") Data Warehouse. Defendant avers that OPM's website and publicly available materials are the best evidence of this information, respectfully refers the Court these publicly available materials for an accurate statement of their contents, and denies any allegations inconsistent therewith.

11. Paragraph 11 consists of Plaintiff's further description of OPM's EHRI Data Warehouse. Defendant avers that OPM's website and publicly available materials are the best evidence of this information, respectfully refers the Court these publicly available materials for an accurate statement of their contents, and denies any allegations inconsistent therewith.

12. Paragraph 12 consists of Plaintiff's characterization of OPM's treatment of workforce data that it collects in the EHRI Data Warehouse. Defendant avers that the cited regulation, OPM's website, and publicly available materials are the best evidence of this information, respectfully refers the Court these sources for an accurate statement of their contents, and denies any allegations inconsistent therewith.

13. Paragraph 13 consists of Plaintiff's characterization of the time within which OPM publishes certain data, to which no response is required. To the extent that a response is deemed

required, Defendant avers that OPM's website and publicly available materials are the best evidence of this information respectfully refers the Court these publicly available materials for an accurate statement of their contents, and denies any allegations inconsistent therewith.

14. Paragraph 14 consists of Plaintiff's conclusions about OPM's EHRI data, to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 14.

### The Time's FOIA Request

15. Paragraph 15 consists of Plaintiff's characterization of its March 7, 2025, FOIA request, which speaks for itself and is the best evidence of its contents.

16. In response to the allegations in Paragraph 16, Defendant admits that OPM received inquiries from Plaintiff of its FOIA request on March 27, 2025, and April 7, 2025, and avers that the communications speak for themselves and are the best evidence of their contents.

17. In response to the allegations in Paragraph 17, Defendant admits that it responded to a communication from Plaintiff's counsel on April 7, 2025, and avers that the response speaks for itself and is the best evidence of its contents.

18. In response to the allegations in Paragraph 18, Defendant admits that Plaintiff responded to OPM's email regarding Plaintiff's FOIA request on April 7, 2025, and avers that the response speaks for itself and is the best evidence of its contents.

19. In response to the allegations in Paragraph 19, Defendant admits that it further responded on April 7, 2025, and avers that the response speaks for itself and is the best evidence of its contents.

20. Defendant admits that as of the date the Complaint was filed, it has not sent an initial response to Plaintiff's FOIA request.

## CAUSE OF ACTION (5 U.S.C. § 552)

21. Defendant incorporates its responses to Paragraphs 1-20 as if set forth fully here.

22. The allegations in Paragraph 22 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

23. The allegations in Paragraph 23 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

24. The allegations in Paragraph 24 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA for an accurate statement of its contacts.

25. The allegations in Paragraph 25 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

26. The allegations in Paragraph 26 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this

Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA or any other federal law.

## THIRD DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

## FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522.

## FIFTH DEFENSE

The information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under FOIA, 5 U.S.C. § 552(b).

## SIXTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

| | | |
|---|---|---|
| Dated: | New York, New York<br>July 2, 2025 | Respectfully submitted,<br><br>JAY CLAYTON<br>United States Attorney for the<br>Southern District of New York<br>Attorney for Defendant |
| | By: | /s/ Dominika Tarczynska<br>Dominika Tarczynska<br>Assistant United States Attorney<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Telephone: 212-637-2748<br>e-mail: dominika.tarczynska@usdoj.gov |